UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MYRELLA IKEDA,<br><br>         Plaintiff,<br><br> - against -<br><br>J. SISTERS 57, INC., d/b/a<br>J. SISTERS BEAUTY SALON,<br>JONICE PADILHA and<br>ANTONIO LUIS ROSA,<br><br>         Defendants. | Index No. 14-CV-3570<br><br>**ATTORNEY AFFIRMATION IN SUPPORT OF MOTION TO DISMISS IN LIEU OF AN ANSWER PURSUANT TO FRCP 12(b)(2)** |
| J. SISTERS 57, INC., d/b/a<br>J. SISTERS BEAUTY SALON,<br>JONICE PADILHA and<br>ANTONIO LUIS ROSA,<br><br>       Third-Party Plaintiffs,<br><br> - against –<br><br>ORGANIC SALON SYSTEMS, INTERNATIONAL HAIR AND BEAUTY SYSTEMS, LLC and<br>HERB UK LIMITED,<br><br>      Third-Party Defendants. | |

  **ADAM DETSKY,** duly admitted to practice law before the Courts of the State of New York and the United States District Court for the Southern District of New York, hereby affirms the following to be true pursuant to the penalties of perjury:

  I am a member of the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys for the third-party defendant HERB UK LIMITED.  I am fully familiar

with the facts and circumstances of the within action by reason of my review of a file maintained by this firm.

This affirmation is respectfully submitted in support of HERB UK LIMITED's motion for an Order:

    a. **DISMISSING** all causes of action as against HERB UK pursuant to FRCP Rules 12(b)(2) and

    b. **DISMISSING** all causes of action as against HERB UK pursuant to New York CPLR § 3211(a)(1), (2), (7) and (8),

    c. **GRANTING** such other and further relief as this Court deems just and proper,

As established below, each of the plaintiff's allegations related to the moving defendants are completely without merit and, for all of the reasons set forth below, it is respectfully submitted that the plaintiff's complaint in its entirety should be dismissed as a matter of law.

## ISSUE PRESENTED

Whether this Court has personal jurisdiction over HERB UK LIMITED a business duly organized under the laws of the United Kingdom and a United Kingdom company, that has no contacts with the State of New York pursuant to New York's long-arm statute and consistent with the Due Process Clause of the Fourteenth Amendment.

## PROCEDURAL HISTORY

The plaintiff commenced this instant lawsuit to recover for personal injuries that does not fall within any category of "Grave Injury" that was allegedly sustained on October 29, 2011 while she was receiving hair lightening treatment at a salon staffed by licensed cosmetologists at third-party plaintiff J. SISTERS 57, INC located at 41 West 57th Street, New York, New York.

Plaintiff commenced suit on or about May 19, 2014, bringing allegations of negligence, recklessness and negligent supervision against the salon, J SISTERS 67, INC d/v/a J. SISTERS BEAUTY SALON, its owner JONICE PADILHA and the cosmetologist who performed the treatment Mr. ANTONIO LUIS ROSA. See Plaintiff's Summons and Verified Complaint annexed hereto as **Exhibit "A"**.

The defendants, under joint counsel, served an unverified answer on or about June 10, 2014. See Answer annexed hereto as **Exhibit "B."**

On or about September 25, 2014, the defendants collectively commenced a third-party action against INTERNATIONAL HAIR AND BEAUTY SYSTEMS, LLC, ORGANIC SALON SYSTEMS and HERB UK LIMITED. See Third-Party Summons and Complaint annexed hereto as **Exhibit "C"**.

The third-party complaint was served upon HERB UK LIMITED via registered mail. It was mailed on October 8, 2014 and received by HERB UK on October 15, 2014. HERB UK has not yet answered the Third-Party Complaint and is making this motion to dismiss while within its time to answer or otherwise plead.

## APPLICABLE LAW

Plaintiff has designated the State of New York for the filing of this matter and commenced the action in a Court sitting within the State of New York. The incident occurred in the State of New York. All direct, first-party defendants are residents and/or a business in the State of New York. As such, New York law is the controlling law of this matter.

## JURISDICTIONAL ALLEGATIONS AND BACKGROUND

### A. Jurisdictional Allegations in the Third-Party Complaint

In an attempt to establish this Court's personal jurisdiction over HERB UK, the Third-Party Plaintiffs allege in their Complaint that HERB UK "transacted business in the State of New York and the claims asserted in this action arise out of those transactions." (See **Exhibit C**, Third-Party Complaint, paragraph 16). The third-party plaintiff's secondarily alleged that HERB UK "committed a tortuous act outside of the State of New York that caused injuries to the plaintiff in the State of New York, it expected or reasonably should have expected its tortuous acts to have consequences in the State of New York, the claims asserted in this action arise out of its tortuous acts and it derived substantial revenue from interstate commerce." (See **Exhibit C**, Third-Party Complaint, paragraph 17). Finally, third-party plaintiff alleged that personal jurisdiction in New York "comports with the requirements of Due Process." (See **Exhibit C**, Third-Party Complaint, paragraph 18).

### B. Jurisdictional Facts Regarding HERB UK:

Contrary to Plaintiffs' allegations and argument in Court that HERB UK has sufficient minimum contacts with the United States, and the State of New York - HERB UK has no presence in, or contact with, the United States or the State of New York. HERB UK is a foreign corporation that is incorporated under the laws of United Kingdom, with its principal place of business in the United Kingdom. (**Exhibit "D",** Affidavit of Raoul Perfitt). HERB UK is not presently, and has never been, licensed to do business in the State of New York, and has never sought any qualification to conduct business within this State. (**Exhibit "D", ¶** 16). HERB UK does not have, and has never had, any direct affiliated corporate entity that maintains an office or conducts business in the United States or the State of New York. (**Exhibit "D", ¶** 16). HERB

4

UK does not have, and has never had, a designated agent for service of process in the United States or the State of New York. (**Exhibit "D", ¶ 16**).

Moreover, HERB UK does not maintain, and has never maintained, any offices, bank accounts, telephone listings, assets, or personal or real property in the United States or the State of New York. (**Exhibit "D", ¶ 16**). In addition, HERB UK does not own any stock, security, negotiable or non-negotiable instruments or commercial papers in the United States. (**Exhibit "D", ¶ 16**).

HERB UK does not have, and has never had, any directors, officers, employees or residents who are assigned to duty within the United States or the State of New York or who conduct, transact or participate in the purchase, sale, distribution, resale, financing or service of any goods or services in the State of New York. (**Exhibit "D", ¶ 16**).

HERB UK does not sell products over the Internet to customers in the United States or to customers in the United States or the State of New York. In fact, no purchases of HERB UK products may be made directly from HERB UK. Its website offers no means of purchase. HERB UK does not solicit, business or advertised in this State. (**Exhibit "D", ¶ 16**). In fact, HERB UK does not have, and has never had, any directors, officers, employees, business agents or representatives, that are or were involved in the sale or marketing of products which are sold in the United States or the State of New York. (**Exhibit "D", ¶ 16**).

HERB UK does not have any financial ties to the United States or the State of New York. (**Exhibit "D", ¶ 16**). HERB UK has never entered into any contracts, service agreements, purchase orders or any other agreements for the purpose of selling, promoting, advertising or supplying any product, or for the purpose of performing any service within the State of New York. **(Exhibit "D", ¶ 35-36)**. Rather, their product is purchased by a separate entity who picks

5

and chooses what products they sell and advertise and how to advertise them. That company, named as a third-party defendant herein, sells 1000's of products from a wide variety of manufacturers and has no ownership in the company. Therefore, HERB UK has no presence in the United States or the State of New York and has no contacts whatsoever with this State.

HERB UK sells its product solely to INTERNATIONAL HAIR AND BEAUTY SYSTEMS, LLC. This is a wholly separate company based out of the State of Florida. HERB UK and INTERNATIONAL HAIR AND BEAUTY have no like or joint owners, principals, managers, employees, websites, bank accounts, telephone numbers, offices, mailing addresses, assets, property interests. INTERNATIONAL HAIR AND BEAUTY sells a wide variety of products from a wide variety of manufacturers.

## ARGUMENT

It is respectfully submitted that the Third-Party Complaint must be dismissed as against HERB UK because this Court lacks personal jurisdiction over HERB UK.

### I. PLAINTIFFS BEAR THE BURDEN OF ESTABLISHING THAT THIS COURT HAS PERSONAL JURISDICTION OVER HERB UK

A motion brought pursuant to Fed. R. Civ. P. 12(b)(2), challenges the plaintiff's assertion that the defendant is subject to the jurisdiction of the chosen forum. Fed. R. Civ. P. 12(b)(2) further allows a Federal Court to dismiss an action in the absence of personal jurisdiction over a defendant. Once the defendant challenges jurisdiction, the plaintiff bears the burden of proving facts supporting the finding of personal jurisdiction. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). *Penguin Group (USA) Inc. v. Am. Buddha*, 609

F.3d 30, 34 (2d Cir. 2010) (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 205 (2d Cir. 2003) (per curiam)). In order to survive a motion to dismiss for lack of personal jurisdiction brought before discovery is conducted, as is the case here, "a plaintiff must make a prima facie showing that jurisdiction exists." *Thomas v. Ashcroft,* 470 F.3d 491, 495 (2d Cir. 2006). The plaintiff must make "a *prima facie* showing of jurisdiction through its own affidavits and supporting materials" to survive a motion to dismiss under Rule 12(b)(2). *Marine Midland Bank, N.A. v. Miller,* 664 F. 2d 899, 904 (2d Cir. 1981). "Such a showing entails making 'legally sufficient allegations of jurisdiction,' including 'an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant.'" *In re Magnetic Audiotape*, 334 F.3d at 206.

In cases in which the parties are before a Federal court pursuant to their diversity of citizenship, the federal court examining personal jurisdiction must apply the law of the forum state and may exercise jurisdiction over the nonresident defendant to the extent that: 1) jurisdiction is authorized by the long-arm statute of the forum state; and 2) the exercise of jurisdiction does not violate the Due Process Clause of the Fourteenth Amendment. A federal court sitting in diversity may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and the Due Process Clause. *D.H. Blair & Co., v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006).

The third-party plaintiffs have failed to allege any facts to support a finding that this Court may constitutionally exercise personal jurisdiction over HERB UK. The blanket allegations that each of the defendants in this case, including HERB UK, has "transacted business in the State of New York," are insufficient to meet the third-party plaintiffs' burden. Interestingly, in their Complaint, the third-party plaintiffs do not expressly allege that HERB UK had contacts with the State of New York. For the reasons stated below, the third-party plaintiffs

7

must take steps to establish facts that comport with both New York's long-arm status and with the Due Process Clause.  However, Plaintiffs cannot satisfy their burden.

### II. THE REQUIREMENTS OF THE LONG-ARM STATUTE HAVE NOT BEEN SATISFIED

In order to determine whether this Court may exercise personal jurisdiction over HERB UK, a nonresident defendant, two issues must be examined:  1) whether the requirements of the New York's long-arm statute, CPLR § 302, are met; and 2) whether exercising jurisdiction over HERB UK would violate the Due Process Clause.

Even if personal jurisdiction were allowed by New York's long arm statute, the Due Process Clause of the U.S. Constitution limits the exercise of personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985); *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945).

#### A. HERB UK Does Contest that it had Sufficient "Minimum Contacts" with the State of New York to Allow this Court to Exercise Personal Jurisdiction Over It

As discussed at the pre-motion conference on November 7, 2014, the third-party plaintiff's argue that HERB UK does have sufficient minimum contacts with the State to allow jurisdiction under New York's Long Arm Statute.  However, upon review of the relevant case law, it is HERB UK's contention that it does not have sufficient minimum contacts.  While, as evidenced above, HERB UK does not transact any business, and has no presence whatsoever in the State of New York, a constitutional analysis is nonetheless provided below to further show that HERB UK has no "minimum contacts" with this State, rendering unconstitutional any exercise of jurisdiction over it.

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) established the "minimum contacts doctrine" for purposes of jurisdiction. In *International Shoe*, the United States Supreme Court held that in order to establish personal jurisdiction, a defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." *Id. quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940). The public policy behind the minimum contacts doctrine is to ensure fairness to nonresident defendants, making the exercise of personal jurisdiction appropriate only where the defendant sought to obtain the benefits and protections of the forum State's laws, and has "fair warning" that its contacts may subject it to jurisdiction in that forum State so as to be hailed into the courts of that State. The doctrine further ensures that states do not reach out beyond the territorial limits of their sovereignty. *See also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-472 (1985) (a Court's exercise of jurisdiction must also be fair and reasonable under the circumstances such that jurisdiction comports with the concept of "fair play and substantial justice"); *see also Asahi Metal Industry Co., Ltd. v. Superior Court,* 480 U.S. 102 (1987). Therefore, personal jurisdiction cannot be exercised over HERB UK where such exercise would consist in a violation of Due Process.

The extent to which the State of New York can assert personal jurisdiction over HERB UK depends upon HERB UK's "contacts" with this State. A court's exercise of jurisdiction must also be fair and reasonable under the circumstances so that its exercise comports with the concept of "fair play and substantial justice." *Burger King*, *supra*, 471 U.S. at 478. Once it has been determined that a nonresident defendant purposefully established minimum contacts with the forum, the contacts "must be analyzed in light of other factors to determine whether the

9

5260805v.1

exercise of personal jurisdiction over the nonresident defendant comports with 'fair play and substantial justice'." *J.N.F.S. Engineering Co. v. Gibson Technical Services, Inc.*, 2007 U.S. Dist. LEXIS 681, *8-9, *citing Burger King*, *supra*, 471 U.S. at 476.   Such contacts may be the basis for "general" or "specific" jurisdiction.  *See Pangaea, Inc. v. Flying Burrito LLC,* 647 F.3d 741, 745 (8th Cir. 2011) *quoting Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010).

    B.   **This Court Lacks General Jurisdiction over HERB UK:**

In *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984), the United States Supreme Court addressed the concept of "general jurisdiction" and found that this doctrine grants the Court authority over a nonresident defendant where the suit does not arise out of the defendant's contacts with the forum.  The invocation of general jurisdiction does not offend the Due Process Clause as long as the nonresident defendant has "continuous and systematic" contacts with the forum.  *See Helicopteros, supra*, 466 U.S. at 416 (a trip by an executive to Texas to negotiate a contract, accepting checks drawn on a bank in Texas, sending employees to Texas for training, and purchasing equipment from a company in Texas, were insufficient contacts to find general jurisdiction);

    *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011) confirms that this Court may not exercise general jurisdiction over HERB UK.  In *Goodyear*, Goodyear USA's foreign subsidiaries (petitioner): were not registered to do business in the forum state; had no place of business, employees or bank accounts in the forum state; did not design, manufacture or advertise their products in the forum states; and did not solicit business in the forum state, or sell/ship tires to customers in the forum state.  *See id*. at 2852.  Nevertheless, a small number (tens of thousands out of millions) of tires manufactured in France by petitioner were distributed

10

into the forum by the petitioner's United States affiliates. *See id*. The Supreme Court held that the petitioner's contacts with the forum were insufficient to find general jurisdiction.

In *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), the United States Supreme Court was recently presented with the issue of whether it violated the Due Process Clause to exercise general jurisdiction over a German corporation based on the fact that an indirect U.S. subsidiary (incorporated in Delaware, with its principal place of business in New Jersey) imported and distributed the corporation's products into the forum state (California). The action was commenced in California by Argentinean residents for human rights violations that occurred in Argentina in the late 1970s-early 1980s. *See id*. at 750. When briefing this case before the Supreme Court, the parties concentrated on the interaction of general jurisdiction and agency principles. The Supreme Court held that even if it was assumed that the subsidiary was "at home" in California, and it was assumed that the subsidiary's contacts were imputable to Daimler "there was still no basis to subject Daimler to general jurisdiction in California, for Daimler's slim contacts with the State hardly render it at home there." *Id.* at 760. In the instant case, HERB UK does not have any subsidiaries that maintain an office or conduct business in the State of Nebraska. (Exhibit "A")

As stated above, and as set forth in the Affidavit of Raoul Perfitt, HERB UK does not carry on "continuous and systematic" activities in the State of New York so as to be present or "at home" there, and so as to warrant this Court's exercise of general jurisdiction over it. In addition, the third-party plaintiffs cannot make a *prima facie* showing of any "continuous and systematic" contacts. As evidenced by the facts outlined above, HERB UK has no tangible or intangible property in the United States or the State of New York. (**Exhibit "D"**); does not have representatives, servants or employees assigned to duty in New York (*Id.*); has no agent in New

York upon whom service of process may be made (*Id.*); does not sell its product directly to any person, company or party in New York, does not transact business in New York or over a website, has no telephone number, office and address in New York or the United States; is not registered to do business in New York (*Id.*); and has not entered into any contracts to provide good or services in New Yor,k (*Id.*). Therefore, this Court does not have general jurisdiction over HERB UK.

### C.  This Court Lacks Specific Jurisdiction over HERB UK

Specific jurisdiction may be exercised over a nonresident defendant only if the claim sued upon "arises out of" or "relates to" the nonresident defendant's contacts with the forum state, and if the nonresident defendant purposefully availed itself of the privileges of conducting activities in the forum state.

In order to determine whether specific jurisdiction exists, the cause of action alleged by the third-party plaintiffs herein must arise out of an act done, or transaction consummated, in New York, or HERB UK must have performed some act by which it purposefully availed itself of the privilege of conducting activities in New York, thereby invoking the benefits and protections of New York's laws. *See e.g Burger King*, *supra*, 471 U.S. at 472-473; *Helicopteros, supra*, 466 U.S. at 141. As stated at length above, HERB UK has not engaged in any activities *in* the State of New York or *directed to* the State of New York. Therefore, "purposeful availment" cannot possibly be established.

It is well-settled law that even defendants who design, manufacture or introduce in the market an allegedly defective product (which, in the instant case, HERB UK does not admit to), are not subject to a court's jurisdiction simply by virtue of their product reaching the forum state.

12

In fact, as set forth by the United States Supreme Court in *Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102, 111-113 (1987), the mere knowledge that a product might reach the forum state, or the mere placement of the product into the stream of commerce, without more, is insufficient to exercise jurisdiction over a nonresident defendant. There must be "additional conduct" that is "purposefully directed" to the forum State, by which the nonresident defendant manifests an intent to serve that market. *Asahi, supra*, 480 U.S. at 112. In *Asahi,* Justice O'Connor noted that Asahi "did not create, control or employ the distribution system that brought its valves to California." *Asahi, supra*, 480 U.S. 111-113.

The nonresident defendant must have purposefully directed *its own* activities toward the forum. The "unilateral activity of another party or third person," which has contacts with the forum state will not have jurisdictional consequences for the nonresident defendant. *Burger King*, *supra*, 471 U.S. at 470-472; *Helicopteros*, *supra,* 466 U.S. at 417 ("Such unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.").

More recently, in a plurality opinion, the United States Supreme Court in *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011), clarified and followed Justice O'Connor's lead plurality decision in *Asahi*. In *J. McIntyre*, the Supreme Court held that Nicastro failed to establish that J. McIntyre engaged in conduct purposefully directed at the forum state where Nicastro showed only that: 1) a distributor agreed to sell J. McIntyre's machines in the United States; 2) J. McIntyre attended trade shows in several states through the United States, but never in New Jersey (where the action was commenced); and 3) up to four products reached New Jersey. *See id*. at 2790. Notably, J. McIntyre, a British manufacturer, did not have any office in

the forum state, never paid taxes or owned property in the forum states, and did not advertise in the forum state or send any employees to the forum state. *See id*.

Far from the conduct of the defendant in *J. McIntyre,* over which the Court did not have jurisdiction, in the instant matter, HERB UK did not have any offices in New York, never owned property or paid taxes in New York, and never advertised in or sent employees to New York. **(Exhibit "D")**

Therefore, HERB UK could not be said to have purposefully availed itself of the benefits and privileges of conducting business in New York.

### D. The Exercise of Personal Jurisdiction over HERB UK Would Be Unreasonable

As articulated above, in order for the Court to exercise personal jurisdiction over a nonresident defendant, the Due Process Clause requires that the exercise of jurisdiction be "fair and reasonable" so as to component with "fair play and substantial justice." *Burger King*, *supra*, 471 U.S. at 477-478.  The United States Supreme Court has cautioned that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi*, *supra*, 480 U.S. at 115 (citation omitted).  As stated above, the Eighth Circuit has adopted a 5-part test to measure "minimum contacts." *See Burlington Indus. v. Maples Indus.*, *supra*, 97 F.3d at 1102.  Two of those factors, which have been deemed not to be determinative, would speak to the reasonableness of exercising jurisdiction over a foreign defendant as they deal with the interest of the forum state and the convenience of the parties.

In the instant matter, an analysis into the reasonableness of exercising jurisdiction over HERB UK is unnecessary in that HERB UK has had no "minimum contacts" with the State of New York.  Nonetheless, exercising personal jurisdiction over HERB UK (the exercise of which

14

is unwarranted) would cause undue burden on HERB UK, a company located in the United Kingdom, to defend in a far, foreign and unexpected forum (where it had no expectation of being hailed into). The exercise of personal jurisdiction over HERB UK would, therefore, be unreasonable and in violation of the Due Process Clause of the Fourteenth Amendment.

As set forth above, HERB UK does not, either directly or through an agent, transact business in New York, contract to supply services or goods in New York, or have an interest in real property in New York. (**Exhibit "D"**). HERB UK does not contract to insure any person, property or risk within this State as it has no property and no agents, employees or representative within this State. . (**Exhibit "D"**). Given that HERB UK is utterly absent from this State and did not undertake any activities within this State, it did not cause a tortious injury by an act or omission within New York.

## POINT II

### THE COMPLAINT AGAINST OEP, INC. MUST BE DISMISSED BECAUSE THE COURT DOES NOT HAVE JURISDICTION OVER HERB UK

Plaintiff's final argument is that HERB UK should have reasonably expected that its "tortuous act" outside of New York could give rise to consequences in New York. Jurisdiction under CPLR 302 may be acquired over a foreign corporation only if that corporation does business here "not occasionally or casually, but with a fair measure of permanence and continuity" so as to warrant a finding of its "presence" in this jurisdiction. *Sedig v. Okemo Mountain*, 204 A.D.2d 709 (2d Dep't 1994). The corporation must be engaged in "a continuous and systematic course of 'doing business' here." *Frummer v. Hilton Hotels Int'l, Inc.,* 19 N.Y.2d 533 (1967).

New York's Long-Arm statute, CPLR section 302, provides as follows:

15

> § 302. Personal jurisdiction by acts of non-domiciliaries
> (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> (3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>>
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> (4) owns, uses or possesses any real property situated within the state.

The principal inquiry in cases of this sort is whether the defendant's activities manifest an intention to submit to the power of a sovereign. In other words, the defendant must "purposefully avai[l] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson, Executrix, et. al. v. Denckla, et. al.*, 357 U.S. 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283; *Insurance Corporation of Ireland, Ltd., etl a. v. Compagnie Des Bauxites De Guinee*, at 704-705, 456 U.S. 694, 102 S. Ct. 2099, 72 L. Ed. 2d 492. In *Asahi*, Justice Brennan wrote that "the 'substantial connection' between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State. The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward

the forum State." *Asahi*, at 112. This Court's precedents make clear that it is the defendant's actions, not his expectations, that empower a State's courts to subject him to judgment. *J. McIntyre Machinery, LTD. v. Nicastro*, 131 S. Ct. 2780 (2011).

The third-party plaintiff's cannot establish that HERB UK engaged in conduct purposefully directed at New York. Just like in *J. McIntyre,* the British manufacturer had no office in New York; it neither paid taxes nor owned property there; and it neither advertised in, nor sent any employees to, the State. Indeed, like in *J. McIntyre* "defendant does not have a single contact" with New York short of a small amount of the product being at this salon. These facts may reveal an intent to serve the U. S. market, but they do not show that HERB UK purposefully availed itself of the New York market.

## CONCLUSION

WHEREFORE, for the foregoing reasons, HERB UK improperly sued herein as respectfully requests that: (i) its motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) be granted; (ii) that the third party plaintiffs' Complaint be dismissed as to HERB UK and (iii) the Court grant such further relief as it deems just and proper.

Dated: White Plains, New York
       November 13, 2014

                                                   Yours, etc.

                        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: *//S// Electronic Signature Via ECF Filing*
     Adam Detsky, Esq.
     Attorneys for Third-Party Defendant
     HERB UK LIMITED
     1133 Westchester Avenue
     White Plains, NY 10604

(914) 872-7338 Direct
(914) 323-7000 Main

18

5260805v.1